IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN FALTERMEIER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-2255-JAR-TJJ |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Petition (ECF No. 10). Plaintiff requests leave to amend his petition to add a claim for breach of fiduciary duty against Defendant. As explained below, the Court grants the motion.

**I.      Factual Background**

In this removal action, Plaintiff asserts a claim for wrongful denial of long-term disability benefits from a plan administered by Defendant pursuant to the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The lawsuit arises out of Plaintiff's participation in a long-term disability plan offered by his employer, UBS, and administered by Defendant. Plaintiff alleges that he is permanently disabled as a result of the effects of prostate cancer treatment, and that Defendant breached the terms of the UBS long-term disability plan by denying Plaintiff's application for benefits.

On March 31, 2015, Plaintiff filed his Motion to Amend Petition, seeking to add a breach of fiduciary duty claim pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Plaintiff alleges that Aetna issued its final denial of Plaintiff's application for benefits without considering an

independent medical examiner's report that supports the conclusion that Plaintiff is disabled from his occupation and that his condition is permanent and progressive. On December 3, 2013, Plaintiff provided Aetna with the report of Dr. Irving Fishman, who had conducted an independent medical examination of Plaintiff at the request of another insurer relating to a separate disability policy. Plaintiff had advised Aetna that it would be submitting Dr. Fishman's report, and asked Aetna to refrain from ruling on his appeal of Aetna's initial denial until Aetna could review and consider Dr. Fishman's opinion. Instead, on December 4, 2013, Aetna issued its denial of Plaintiff's appeal with no mention of Dr. Fishman's report.[1]

Plaintiff argues that by failing to consider the report in question, Aetna breached its duty as a fiduciary to act solely in the interest of the participants and beneficiaries and to evaluate Plaintiff's application under the prudent man standard.[2] Plaintiff further alleges that he is entitled to assert a claim for breach of fiduciary duty along with his already asserted claim to recover benefits, and that Defendant will not suffer prejudice nor will the proceedings be delayed. Defendant opposes the motion, arguing that amending the complaint would be futile because Plaintiff's breach of fiduciary duty claim is subject to dismissal.

## II.    Legal Standard

---

[1] Plaintiff's counsel, who began representing Plaintiff after Aetna issued its final denial of Plaintiff's application for benefits, explains that he only recently learned that Aetna had received Dr. Fishman's report before it issued the final denial of Plaintiff's claim. He had not received confirmation of that fact before he had to file the Complaint to comply with the statute of limitations. The issue arises in the context of a motion to amend for this reason.

[2] *See* 29 U.S.C. § 1104(a)(1)(B) ("[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.").

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[8] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual

---

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[7] *Id.* (quoting *Foman*, 371 U.S. at 182).

[8] *Mochama v. Butler Cnty., KS,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[10]  It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[11]  The party opposing the amendment has the burden of showing the proposed amendment is futile.[12]

## III. Analysis

Reviewing Plaintiff's proposed Amended Petition under these standards, the Court finds that the proposed amendment is not futile.  The Court is well aware of the case law Defendant cites to the effect that a breach of fiduciary claim which is merely a repackaged claim for benefits under Section 502(a)(1)(B) is subject to dismissal as duplicative of the denial of benefits claim.[13]  These cases follow the Supreme Court's decision in *Varity Corporation v. Howe*,[14] where the Supreme Court held that an individual plaintiff may use Section 502(a)(3) to seek an equitable remedy for a breach of fiduciary duty.[15]  The Court interpreted this section of ERISA as the catchall provision offering "appropriate" relief for injuries caused by ERISA violations

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[10] *Twombly*, 550 U.S. at 555.

[11] *Id.* at 556.

[12] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[13] *See* cases cited in Defendant's Response in Opposition to Plaintiff's Motion to Amend Petition (ECF No. 17) at 5 & n.3.

[14] 516 U.S. 489 (1996).

[15] *Id.* at 512.

and not otherwise covered by the statute.[16] If Congress elsewhere provided adequate relief for a beneficiary's injury, however, it is unlikely that further equitable relief is necessary and such relief normally would not be "appropriate."[17] Defendant argues that because Plaintiff's proposed breach of fiduciary claim is based on the same injury as his denial of benefits claim, the former is a repackaged claim for benefits and should not be allowed because Plaintiff has an adequate remedy available to him under Section 502(a)(1)(B).[18]

The Court would be persuaded by Defendant's argument if Plaintiff had merely restated the same factual basis for his proposed amendment and articulated it as a breach of fiduciary duty claim. That is not the case, however. Plaintiff's argument is that if the Court determines that Defendant's denial was not arbitrary and capricious based on the Court's review of the documents contained in the administrative record,[19] then he has a separate cause of action for breach of fiduciary duty arising out of Defendant's exclusion of relevant medical evidence from the administrative record. Defendant agrees that some of the documentary evidence relating to

---

[16] *Id.* at 511.

[17] *Id.* at 515.

[18] Defendant also quotes *Varity* as pointing out that Section 502(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." Defendant's Response at 4 (citing *Varity*, 516 U.S. at 511). The quoted passage from *Varity*, which actually appears at page 512 of the opinion, repeats the passage from an earlier opinion in *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 144 (1985). As the latter makes clear, however, the reference should be to Section 502(a)(2) rather than to (a)(1)(B). *See* 29 U.S.C. § 1132(a)(2) (civil action may be brought by Secretary, participant, beneficiary, or fiduciary for appropriate relief under Section 1109); 29 U.S.C. § 1109 (breach of fiduciary's duty to plan results in relief flowing to plan, not to individual). Section 502(a)(1)(B) does not provide a remedy for breach of fiduciary duty.

[19] "[W]e have frequently, consistently, and unequivocally reiterated that, in reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010) (internal citations omitted).

Dr. Fishman's opinion is not part of the administrative record;[20] accordingly, those documents will not be included in the evidence the district court will consider in deciding Plaintiff's Section 502(a)(1)(B) claim.  Plaintiff must therefore seek another avenue to get evidence of Dr. Fishman's opinion before the Court.

As in *Varity*, Plaintiff is entitled to assert a claim under Section 502(a)(3) because he may have no benefits due him under the terms of the plan.[21]  At this early stage of the proceedings, the Court finds that Plaintiff should be permitted to assert both claims.

Defendant also argues that permitting Plaintiff to amend his petition would be prejudicial because it would frustrate one of ERISA's primary purposes of providing a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.  Defendant opines that granting Plaintiff's motion would result in extensive fact discovery, expert reports and depositions, and a trial.  Defendant's argument applies to cases which contain only Section 502(a)(1)(B) claims where the evidence is limited to the administrative record.   Because the Court has determined that Plaintiff is entitled to assert an additional breach of fiduciary duty claim, the public policy rationale does not apply and Defendant has not demonstrated prejudice.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend Petition (ECF No. 10) is granted.  Plaintiff shall electronically file his proposed Amended Petition within **seven (7) days** of the date of this Order.

IT IS SO ORDERED.

---

[20] ECF No. 17 at 1 n.1.

[21] *Varity*, 516 U.S. at 515.  *See Fulghum v. Embarq Corp.,* No. CIV. A. 07-2602-KHV, 2008 WL 5109781, at *10 (D. Kan. Dec. 2, 2008) (*Varity* does not require dismissal of Section 502(a)(3) claim which plaintiffs assert in event alternate relief not available on Section 502(a)(1)(B) claim).

Dated this 28th day of May, 2015, at Kansas City, Kansas.

s/ Teresa J. James  
Teresa J. James  
U. S. Magistrate Judge